NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Thomas MIGNONE,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Civ. No. 13-6054

OPINION

THOMPSON, U.S.D.J.

    This matter appears before the Court upon Plaintiff Thomas Mignone's appeal of the final administrative decision by Defendant Commissioner of the Social Security Administration ("Defendant") denying Plaintiff's claim for Social Security disability insurance benefits. (Doc. No. 1). The Court has decided the motion based upon the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the Court will vacate and remand the decision of the Commissioner.

BACKGROUND

    This case concerns an application for disability benefits. On April 12, 2010, Plaintiff filed a Title II application for a period of disability and disability insurance benefits beginning in April of 2009. (Doc. No. 7 at 24). Plaintiff's claim was denied on August 5, 2010 and denied reconsideration on January 24, 2011. (*Id.*). Following these denials, Plaintiff appeared before Administrative Law Judge April Wexler ("ALJ") on February 13, 2012. Plaintiff presented evidence of blurred vision, brain lesions, fatigue, anxiety, depression, joint pain and swelling,

muscle pain, headaches, memory loss, walking trouble, and insomnia. On March 6, 2012, the ALJ denied Plaintiff's application. (*Id*. at 31). On October 10, 2013, Plaintiff filed the Complaint currently before the Court, seeking review of the now final administrative decision.

## DISCUSSION

1. *Standard of Review*

Under 42 USC §§ 416(i), 423(d)(1)(A), an applicant for disability insurance benefits must establish "an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." "Despite the deference to administrative decisions implied by this standard, appellate courts retain a responsibility to scrutinize the entire record and to reverse or remand if the Secretary's decision is not supported by substantial evidence." *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981); *see* 42 USC § 405(g). "Substantial evidence" has been defined as "more than a mere scintilla." *Richardson v. Perales*, 402 U.S. 389 (1971). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*.

2. *Legal Standard*

An ALJ determines whether an individual is disabled by following a five-step evaluation process. 20 CFR §404.1520(a). First, the ALJ must determine that the individual was no longer engaging in substantial gainful activity. *Id*. at (4)(i). Second, the ALJ must determine whether the individual suffered from a severe impairment, i.e. an impairment that limits his ability to do work-related activities. *Id*. at (4)(ii). Third, the ALJ must compare the severe impairments to a list of impairments that are severe enough to preclude substantial gainful activity. *Id*. at (4)(iii). If the individual has more than one impairment, the ALJ must consider the combination of these impairments to determine whether this combination is of "medical equivalence" with the listed

impairments.  *See Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 120 (3d Cir. 2000).  If the ALJ determines that either the impairment or combination of impairments is the medical equivalent of one of the listed impairments, the individual is deemed disabled.  20 CFR §404.1520(a)(4)(iii).  If the impairment does not meet the criteria, the ALJ then determines the claimant's residual functioning capacity.

Fourth, the ALJ must determine whether the individual possesses the residual functioning capacity to sustain his "past relevant work."  20 CFR §404.1520(a)(4)(iv).  Finally, if the ALJ finds that the individual cannot engage in past relevant work, the ALJ must then consider the individual's residual functioning capacity, age, education, and work experience to determine whether he can perform other kinds of work.  20 CFR §404.1520(a)(4)(v).

3. *Analysis*

Plaintiff raises three arguments as to why the decision should be reversed: (1) the ALJ failed to give proper weight to the statements of the treating physician who opined that Plaintiff was disabled; (2) the ALJ failed to properly assess the testimony and credibility of Plaintiff regarding his ability to work; and (3) the ALJ relied on flawed testimony from the vocational expert.

After reviewing the record and the parties' submissions, the Court is persuaded that the ALJ failed to satisfactorily explain the basis for her determination of Plaintiff's residual functioning capacity.  Specifically, the ALJ failed to properly explain what portions of the treating doctor's opinions she accepted or rejected and her reasons for accepting or rejecting those opinions.

    i.    *Opinion of the Treating Doctor*

Plaintiff claims that the ALJ failed to give sufficient weight to the treating physician's opinion regarding Plaintiff's disability.

"Generally, [the Commissioner] give[s] more weight to opinions from [the claimant's] treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone [. . .]." 20 C.F.R. § 404.1527. If a "treating source's opinion on the issue(s) of the nature and severity of the impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record, [the Commissioner] will give it controlling weight." 20 C.F.R. §404.1527(c)(2). *See also Brownawell v. Astrue*, 554 F.3d 352, 355 (3d Cir. 2008) ("An ALJ should give treating physicians' report great weight."). If the treating physician's opinion is not supported by or is inconsistent with other substantial evidence, the ALJ must determine what weight to give his opinion by considering certain factors, including the physician's examining and treatment relationship with the claimant, the supportability and consistency of the physician's opinion, and the physician's specialization. *See* 20 C.F.R. §404.1527(c)(2)-(6). "The ALJ's finding must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" *Buckley v. Astrue*, 2010 WL 3035746, *9 (D.N.J. Aug. 3, 2010).

Here, Dr. Rao, the treating physician, opined that Plaintiff was totally disabled and unable to perform sedentary work at even the lowest level of exertion. *See* 20 C.F.R. 404.1567(a). In her decision, the ALJ did not give Dr. Rao's opinion serious weight. Instead, the ALJ found that Dr. Rao's medical opinion that Plaintiff is "totally disabled is inconsistent with the symptoms that [Plaintiff] is experiencing, and inconsistent with the treating notes."

4

Doc. No. 7 at 30.  In arriving at this determination, the ALJ gave "great weight" to the opinions of Dr. Rao, but only to the extent his opinions were "consistent with medical evidence." *Id*. at 8.  Even though the ALJ rejected the treating physician's opinions, at no point in the decision did she clearly indicate why Dr. Rao's opinions were not supported, or were otherwise contradicted, by the medical evidence, such as which symptoms or medical tests showed that Plaintiff was not disabled.  *See Frankenfield v. Bowen*, 861 F.2d 405, 407 (3d Cir. 1988) ("medical judgment of a treating physician can be rejected only on the basis of contradictory medical evidence"); *Dorf v. Bowen*, 794 F.2d 896, 901-02 (3d Cir. 1986) ("it is improper for the ALJ to credit the testimony of a consulting physician who has not examined the claimant when such testimony conflicts with the testimony of the treating physician").  Without additional information as to why and the extent to which Dr. Rao's opinions were not supported by medical evidence, this Court cannot engage in a meaningful judicial review of the ALJ's decision.  *Torres v. Comm'r of Soc. Sec.*, 279 F. App'x 149, 152 (3d Cir. 2008) (vacating and remanding on the grounds that ALJ's "conclusory statements . . . [are] beyond meaningful judicial review").

      Furthermore, the ALJ also does not clearly indicate the extent to which she considered the various factors set out in 20 C.F.R. §404.1527(c)(2)-(6) that affect the weight that should be afforded to Dr. Rao's opinion.  The record seemingly suggests the following: Dr. Rao treated Plaintiff on a regular basis and for problems stemming from multiple sclerosis; Dr. Rao was highly qualified in the field of neurology; and Dr. Rao's findings appear to be largely consistent with his treatment records.  However, the ALJ does not satisfactorily explain the extent to which she considered these factors or what effect these factors had on her final decision to give some of Dr. Rao's opinions "great weight" and other opinions seemingly no weight.  *Buckley*, 2010 WL 3035746 at *9.

For the reasons set forth above, the Court finds that the ALJ failed to adequately explain its treatment of Dr. Rao's opinion. On remand, the ALJ is requested to explain which of Dr. Rao's opinions are not given "great weight," why those opinions are inconsistent with medical evidence, and the extent to which the ALJ considered the factors set forth in 20 CFR 404.1527 when weighing Dr. Rao's opinion.

  *ii.*  *Credibility of Plaintiff and Testimony of Vocational Expert*

Plaintiff also raises arguments that the ALJ failed to properly weigh and assess the credibility of Plaintiff's testimony regarding his ability to work and that the ALJ relied on flawed vocational expert testimony. The credibility of Plaintiff's testimony is determined with reference to the record. The hypotheticals given to the vocational expert are similarly based on the limitations established in the record. Since the ALJ's decision on remand will affect the proper treatment of important medical testimony in the record, the Court will not examine these arguments at this time.

## CONCLUSION

For the reasons set forth above, the decision will be vacated and remanded.

                */s/ Anne E. Thompson*
               ANNE E. THOMPSON, U.S.D.J.