RECEIVED JAN 02 2018 AT 8:30 _____ M WILLIAM T. WALSH CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

THOMAS MIGNONE,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Civ. No. 13-6054

**OPINION**

THOMPSON, U.S.D.J.

This matter comes before the Court on the petition for attorneys' fees by Plaintiff Thomas Mignone ("Plaintiff"). (ECF No. 18.) Defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("Commissioner") responded. (ECF No. 20.) The Court has decided the Motion based upon the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Plaintiff's Motion is granted.

## BACKGROUND

The underlying case concerns an application for disability benefits to the Social Security Administration. On April 12, 2010, Plaintiff filed a Title II application for a period of disability and disability insurance benefits beginning in April of 2009, which was denied and then denied for reconsideration. (ECF No. 7; Compl. ¶¶ 6–10, ECF No. 1; Affirmation ¶ 2, ECF No. 19-2.) On October 10, 2013, Plaintiff filed a complaint in this Court seeking review of the final administrative decision (ECF No. 1), and on August 12, 2014, the Court vacated the decision of the Commissioner and remanded (ECF Nos. 13, 14). The Appeals Council of the Social Security

1

Administration vacated and remanded for further review, and Plaintiff was once again denied benefits. (Affirmation ¶ 6.) After multiple hearings, appeals, and decisions, Plaintiff finally received a fully favorable decision on September 6, 2017. (*Id.*) Plaintiff's final Notice of Award was issued on November 18, 2017. (Notice of Award, Ex. C, ECF No. 19-3.)

On November 11, 2014, Plaintiff filed his first motion for attorneys' fees (ECF No. 15), pursuant to which the parties and the Court signed a stipulation and consent order (ECF Nos. 16, 17). The order awarded Plaintiff's attorney(s) $5,750 plus $400 in costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF No. 17.) On November 30, 2017, following the final favorable decision, Plaintiff filed the present Motion for Attorneys' Fees Pursuant to § 406(b) of the Social Security Act, 42 U.S.C. § 406(b). (ECF No. 18.) On December 14, 2017, Defendant filed a letter in reply, raising additional considerations for the Court. (ECF No. 20.)

## DISCUSSION

Under the "American Rule," each party bears its own litigation expenses, including attorneys' fees, regardless of whether it wins or loses, *see Fox v. Vice*, 563 U.S. 826, 832 (2011), but departure from this rule is appropriate where there is express authorization in a statute, court rule, or contract, *Fin. Cas. & Sur., Inc. v. Bonino*, 2015 WL 3754549, at *2 (D.N.J. June 16, 2015). The Social Security Act provides for the award of attorneys' fees "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney." 42 U.S.C. § 402(b)(1)(A). This award of attorneys' fees must be reasonable based on the representation provided and "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Id.*

According to the Supreme Court, "406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits

2

claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Courts, however, do serve as an independent check on such agreements "to assure that they yield reasonable results in particular cases." *Id.*; *Leak v. Comm'r of Soc. Sec.*, 2017 WL 5513191, at *1 (D.N.J. Nov. 17, 2017); *see also Bollenbacher v. Sec'y of Health & Human Servs.*, 737 F. Supp. 874, 876 (W.D. Pa. 1990) ("A contract between the plaintiff and the attorney for a 25 per cent contingency fee certainly does not preclude the court's review of the propriety of awarding the full contract amount."). The Third Circuit assesses reasonableness based on a number of factors, including but not limited to, time spent on a case, outcome of the case, counsel's experience, counsel's regular hourly rate, EAJA fees that have been awarded or requested, and counsel's culpability for any delays in the case. *Leak*, 2017 WL 5513191, at *1 (finding a $28,763.25 fee at hourly rate of $745.24 reasonable where counsel worked 31.2 hours, had over 30 years of experience representing social security claimants, and plaintiff was very satisfied with result); *see also Wilson v. Astrue*, 622 F. Supp. 2d 132, 134, 137 (D. Del. 2008) (finding no windfall where hourly rate was $1,155.59 because hourly rate deserved less weight where case was difficult and counsel was highly skilled in social security representation).

Here, Plaintiff's attorneys seek $29,500.00, which amounts to less than 25% of the $180,353.25 that Plaintiff received in retroactive benefits. (Pl.'s Mem. in Support of Mot. Attorneys' Fees [hereinafter Pl.'s Mem.] at 2, ECF No. 19; Notice of Award, Ex. C at 1–2, ECF No. 19-3.) The statutory cap of 25% would be $60,117.75. (Pl.'s Mem. at 2.) Plaintiff originally entered into a retainer agreement which provided that, if successful, 25% of his back-due benefits would be payable to his attorneys as a contingent fee arrangement consistent with the provisions of the Social Security Act. (Affirmation ¶ 3; Retainer Agreement and Assignment, Ex. A, ECF No. 19-3.) Plaintiff's attorneys also note that if awarded these fees,

3

they will be required to remit the value previously received under the EAJA. (Pl.'s Mem. at 3); see *Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'") (alteration in original) (internal citations omitted). The Commissioner does not dispute Plaintiff's attorneys' entitlement to fees nor contend that the attorneys attempt to violate the 25% statutory cap. (Def.'s Letter at 2, ECF No. 20.) Rather, the Commissioner observes that the fee may be considered an unreasonable windfall given the time expended in proportion to the back-due benefits Plaintiff received (and thus 25% thereof). (*Id.* at 2 n.2.) Where Plaintiff's attorneys spent a total of 34.70 hours on Plaintiff's appeal in this Court—33.00 hours by Mr. Daniel Jones and 1.70 hours by Mr. Charles Binder (Affirmation ¶ 3; Ex. B, ECF No. 19-3)—the Commissioner calculates that the requested fee equates to an hourly rate of $850.14. (Def.'s Letter at 2.)

Like the Courts in *Leak* and *Wilson*, the Court does not find that this high hourly rate makes the present fee request per se unreasonable. *See Leak*, 2017 WL 5513191, at *1; *Wilson*, 622 F. Supp. 2d at 137. Counsel are from a practice entirely devoted to this area of the law. (Affirmation ¶ 15.) Mr. Binder worked much less on this case, though he is one of two lead partners at this firm and works extensively in the field. (*Id.* ¶ 12.) Mr. Jones performed most of the work on the case, and while a more novice lawyer, his practice is exclusively comprised of social security appeals in federal court, he has written practical skills guides and articles on this topic, and he spent eight years before becoming a lawyer working with social security claimants. (*Id.* ¶¶ 9–10.) Moreover, this case required complex and multi-step litigation before both the Court and the Administration. While the fees under § 406(b) are based only on the

representation before this Court, *Anthony v. Comm'r of Soc. Sec.*, 2014 WL 4352191, at *1 (D.N.J. Sept. 2, 2014) ("[A] court should consider only the hours billed for representation on the district court level; time spent before the administrative agency is not considered."), the attorneys' successful representation in this Court permitted later success with a fully favorable decision this fall. Additionally, each line item on their work sheet appears to be a reasonable amount of time attributed to the particular task. *Id.* at *2; (*see generally* Ex. B, ECF No. 19-3.) On balance, the present contingent fee agreement comports with § 406(b) and is reasonable.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorneys' Fees is granted. An appropriate order will follow.

Date: 12-29-17

ANNE E. THOMPSON, U.S.D.J.